■   DARROW ASSOCIATES CORP., Respondent, v IRVING SCHNEIDER, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County, entered January 8, 1975, after trial to the court without a jury, unanimously affirmed, with $60 costs and disbursements to respondent. Though the suit was brought against others as well, under several causes for failure properly to renovate a building, only one cause was sustained, and properly so, against the individual defendant-appellant. That cause was for conversion of moneys paid over to a corporation of which defendant-appellant was an officer, and admittedly used by him to make payments in connection with another job being done by another corporation. Though the cause pleaded a violation of the Lien Law, that plea was surplusage because defendant admitted operative facts spelling out the additionally pleaded common-law tort of conversion. There was no showing of any novation, as claimed by defendant, permitting such use of the funds. Concur—Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.

■   BRISTOL CORPORATION, Appellant, v O'GARA & Co., INC., et al., Respondents.—Judgment, Supreme Court, New York County, entered November 8, 1974, dismissing the complaint at the end of plaintiff's case, unanimously affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal. The evidence in the record indicates that at the time of the sale of plaintiff's building, there was no assemblage under way. Not until 1966, approximately two years later, did the number and location of such acquisitions assume the character of an assemblage. Nor is it established that defendants O'Gara & Co., Inc., and Joseph E. O'Gara were agents of plaintiff, owing a fiduciary duty for which, in the event of a breach, liability would be imposed. According to the testimony of plaintiff's chief witness, its president at the time, the sale price was both fair and satisfactory. The identity of the purchaser was not an item of paramount concern at the time of the contract, nor does it appear to have been at the time of the title closing. Moreover, the record supports a conclusion that, at the time of the sale, it was not contemplated by the purchaser that the building be or become a part of an assemblage. The fact that it did become a part thereafter does not establish a breach of duty, fraud, or even overreaching by defendants. Concur—Stevens, P. J., Markewich, Capozzoli and Lane, JJ.